Adrina HUDIKIAN; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–72949.

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted Dec. 3, 2007 *.

Filed Jan. 3, 2008.

Artem M. Sarian, Esq., Glendale, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Linda S. Wendtland, Esq., Luis E. Perez, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

### MEMORANDUM **

Adrina Hudikian and her child Anusch Hudikian, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal from an Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part, and deny in part.

We dismiss Hudikian's asylum claim because she failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004). We also dismiss Hudikian's claim that the government's actions caused her to delay filing her asylum application because she failed to exhaust it before the BIA. *See id.*

Hudikian waived her claim that she is eligible for withholding of removal, because she did not challenge the IJ's and BIA's adverse credibility determination in her opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

We deny Hudikian's claim that the IJ violated her due process rights by failing to give her explicit notice of the consequences of filing a frivolous asylum application and by failing to give her an opportunity to provide explanations for the fabrications in her application, because the claim is not supported by the record and Hudikian failed to show prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

We will not disturb the IJ's and BIA's conclusion that Hudikian filed a frivolous asylum application because she received notice of the consequences of such action, and had ample opportunity to account for the inconsistencies in her claim. *See* 8 U.S.C. § 1158(d)(4)(A); 8 C.F.R. § 1208.20; *cf. Farah v. Ashcroft*, 348 F.3d 1153, 1157–58 (9th Cir.2003) (granting petition for review in regard to frivolousness determination where applicant was not given proper opportunity to explain inconsistencies).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Hudikian's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.